**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BUZZFEED, INC.<br>111 E. 18th Street<br>New York, NY 10003<br><br>   Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20230<br><br>   Defendant. | Case No.  17-cv-7949 |

## COMPLAINT

1. This is an action, for injunctive and other appropriate relief, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, brought by BuzzFeed, Inc. against the U.S. Department of Justice ("DOJ").

2. Through this action, BuzzFeed seeks to compel DOJ to release an unredacted copy of the "Report of Investigation" dated May 1, 2017, which detailed "substantiated allegations" of an inappropriate relationship between a U.S. Attorney and a supervisory Assistant United States Attorney, which created an "unbearable atmosphere" in an unnamed U.S. Attorney Office and resulted in "disparate treatment . . . regarding bonuses and disciplinary actions."

### PARTIES

3. Plaintiff BuzzFeed, Inc. is a media organization with its principal place of business in New York, NY.

4. Defendant Department of Justice is a federal agency subject to FOIA.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action and personal jurisdiction over DOJ pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.      BuzzFeed has exhausted all administrative remedies.

## FACTUAL BACKGROUND

### 1. OIG INVESTIGATIVE SUMMARIES

8.      In January 2010, according to DOJ's Office of the Inspector General ("OIG"), and "in response to a standing request from certain members of Congress," OIG began providing "the requesting members summaries of closed cases involving as subjects members of the Senior Executive Service and employees at the GS-15 grade level or above, and Assistant U.S. Attorneys, in which the OIG found misconduct and no prosecution resulted."

9.      Beginning in June 2015, OIG began posting "summaries of [its] investigative findings in cases involving administrative misconduct" to its website, http://oig.justice.gov/reports/inv-findings.htm, on the page "Investigative Findings in Cases Involving Administrative Misconduct," so long as one of two criteria were met.

10.     First, summaries are posted when the the cases investigated involved "as subjects members of the Senior Executive Service and employees at the GS-15 grade level or above, and Assistant U.S. Attorneys, in which the OIG found misconduct and no prosecution resulted."

11.     Additionally, summaries are posted when cases involved "high profile investigations, or in which there may otherwise be significant public interest in the outcome of the investigation."

12.     These reports often, although not always, relate to sexually inappropriate conduct by government employees and officials, including, for example, "Findings of Misconduct by a Chief Deputy U.S. Marshal for Having an Inappropriate Relationship With a Subordinate, Making False Statements to a Supervisor, and Submitting Misleading Statistics," "Investigative Summary: Findings of Misconduct by a Deputy Assistant Attorney General for Sexual Harassment in the Workplace," and "Investigative Summary: Findings of Misconduct by an AUSA for Sexual Harassment in the Workplace."

## A.  BUZZFEED REQUESTS INVESTIGATIVE REPORT

13.     On May 16, 2017, based on an investigative summary published to OIG's website, Zoe Tillman, a reporter for BuzzFeed News, BuzzFeed's news division, submitted to OIG a FOIA request for:

> A copy of the full report that was provided by the Agency to the relevant Justice Department components related to an Investigative Summary published by the Agency on its website entitled, "Finding of Misconduct by a Former United States Attorney for Having an Inappropriate Relationship With a Subordinate [("Finding of Misconduct")]."

14.     A true and correct copy of the request is annexed hereto as Exhibit A (the "Request").

15.     The Finding of Misconduct provided a summary of the investigation that substantiated allegations regarding an inappropriate relationship an unidentified U.S.A. had with a subordinate.  The Finding of Misconduct explains in full:

> The Department of Justice (DOJ) Office of the Inspector General (OIG) initiated an investigation upon receipt of information from the Executive Office for United States Attorneys (EOUSA) alleging that a United States Attorney (USA), now retired, engaged in misconduct by engaging in an intimate personal relationship with a high-level, but subordinate, supervisor in the Office (Supervisory AUSA).
>
> The OIG substantiated the allegations, and the former USA admitted to the OIG to having engaged in the relationship. The OIG found that the USA's misconduct

3

gave the appearance of partiality, created a difficult work environment, and violated Executive branch-wide standards of conduct, federal ethics regulations, and possibly federal regulations and DOJ policy regarding sexual harassment in the workplace.

Other allegations against the former USA were not substantiated. The USA retired from federal service following the initiation of the OIG's investigation.

During the investigation, the OIG also determined that the Supervisory AUSA inadvertently failed to report spousal stock trades completely and accurately on required financial disclosure forms.

The OIG has completed its investigation and provided its reports to EOUSA and the Office of the Deputy Attorney General.

16.    A true and correct copy of the Finding of Misconduct is annexed hereto as Exhibit B.

17.    On June 12, 2017, DOJ released to Ms. Tillman the Finding of Misconduct (the "Determination") with substantial redactions pursuant to 5 U.S.C. § 552(b)(6) and (7)(C).

18.    Importantly, and contrary to FOIA's purpose of permitting the people to know what their government is up to, DOJ redacted the identities of the U.S.A. and Supervisory A.U.S.A. involved in the substantiated allegations of misconduct.

19.    A true and correct copy of the Determination is annexed hereto as Exhibit C.

20.    On June 28, 2017, BuzzFeed appealed the Determination and argued that "the Agency's decision should be reversed and the Request should be granted in full," because, among other things, FOIA did not permit DOJ "to keep from the public the names of high-ranking government officials (one, a political appointee) despite findings of wrongdoing on the part of each."

21.    A true and correct copy of that appeal is annexed hereto as Exhibit D (the "Appeal").

22.     On September 18, 2017, DOJ affirmed the Determination based on 5 U.S.C. § 552(b)(6) and (7)(C).  It did not address any of the arguments made by BuzzFeed in the Appeal.

23.     A true and correct copy of that decision is annexed hereto as Exhibit E.

### FIRST CAUSE OF ACTION
### (Violation of 5 U.S.C. § 552, *et seq.*)

24.     BuzzFeed incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

25.     DOJ's failure to release in full the records requested by BuzzFeed violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A).

### RELIEF REQUESTED

WHEREFORE, BuzzFeed respectfully requests that this Court:

A.      Order DOJ to provide the requested documents, without redaction, to BuzzFeed within 20 business days of the Court's order;

B.      Award BuzzFeed the reasonable attorneys' fees and costs; and

C.      Grant such other and further relief as the Court deems just and proper.

Dated:  October 16, 2017
         New York, NY

By: _____/s/_____
        Nabiha Syed, Esq.
        Matthew L. Schafer, Esq.
        BuzzFeed, Inc.
        111 E. 18th Street, 14th Floor
        New York, NY 10001
        Tel: (646) 798-0693
        Fax: (212) 431-7461
        Nabiha.Syed@BuzzFeed.com
        Matthew.Schafer@BuzzFeed.com

        *Counsel for BuzzFeed, Inc.*