UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BUZZFEED, INC.,

        Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

        Defendant.

Case No. 17-cv-7949 (VSB)

## DECLARATION OF DEBORAH M. WALLER

I, Deborah M. Waller, do hereby declare:

1. I am a Government Information Specialist for the Office of the Inspector General, United States Department of Justice (OIG), Washington, D.C. Due to the nature of my official duties, I am familiar with the procedures followed in processing requests received by the OIG pursuant to 5 U.S.C. § 552, commonly known as the Freedom of Information Act (FOIA), and with the OIG's responses to the FOIA request at issue in this case. The statements in this declaration are based upon my personal knowledge and experience and upon information made available to me in the course of my official duties.

2. The OIG is responsible for "[i]nvestigat[ing] allegations of criminal wrongdoing and administrative misconduct on the part of Department [of Justice] employees," 28 C.F.R. § 0.29a(b)(2), and for auditing and inspecting the programs

1

and operations of the Department and of non-Department entities that contract with or receive benefits from the Department. Id. at § 0.29a(b)(1). The OIG maintains separate records relating to its investigative, audit, and inspection functions.

3.      In connection with its investigative duties, the OIG maintains investigative records relating to complaints of misconduct received by the OIG and to any investigations of those complaints conducted by the OIG. The OIG's investigative records are indexed by the name of the individual subject or subjects and/or by the name of the complainant and can be electronically searched by the names of those individuals. Accordingly, in compliance with the requirements of the Privacy Act, 5 U.S.C. § 552a, the OIG has published a systems notice relating to its investigative records – Office of the Inspector General Investigative Records System, JUSTICE/OIG-001. See 57 Fed. Reg. 8476 (1992), amended at 65 Fed. Reg. 32,125 (2000) and 68 Fed. Reg. 22,741 (2003).

4.      In contrast, OIG audits and inspections focus on broader Department of Justice programs and operations. *See, e.g., Audit of the Handling of Firearms Purchase Denials Through the National Instant Criminal Background Check System*, Audit Report 16-32, September 2016; *Follow-up Review on the Drug Enforcement Administration's El Paso Intelligence Center*, Evaluation and Inspections Report 17-01, February 2017. Accordingly, the OIG indexes its audit and inspection records by title, and the OIG can search these records by those titles, by audit or inspection number, or by Department component, but not by a particular individual's name or other personal identifier. For this reason, the OIG has not published Privacy Act notices for its audit records or its inspection records.

## Processing of Plaintiff's FOIA Request

5.      On May 16, 2017, the OIG received a FOIA request from Zoe Tillman at Buzzfeed, Inc. ("Plaintiff"). In the request, Plaintiff sought "access to and/or copies of the full report by the Office of the Inspector General related to the Investigative Summary published on OIG's website on May 16, 2017, entitled:  'Findings of Misconduct by a Former United States Attorney for Having an Inappropriate Relationship with a Subordinate.' " Plaintiff further specified that it was requesting the "full report that was provided by OIG to the relevant Justice Department components." (OIG Exhibit 1)

6.      The OIG assigned Plaintiff's FOIA request number 17-OIG-208.

7.      The OIG proactively posts on its website summaries of our investigative findings in cases involving administrative misconduct that meet either of the following criteria: (1) cases involving as subjects members of the Senior Executive Service and employees at the GS-15 grade level or above, and Assistant U.S. Attorneys, in which the OIG found misconduct and no prosecution resulted; or (2) cases involving high profile investigations, or in which there may otherwise be significant public interest in the outcome of the investigation.  As a result of such postings, the OIG often receives FOIA requests for the underlying reports related to those summaries.  As a matter of general practice, after receiving FOIA requests for such reports, I obtain the Report of Investigation from the OIG's General Counsel, or the OIG's Investigations Division.  As a matter of general practice, I consult with attorneys in the Office of General Counsel in connection with responding to these

FOIA requests, and I followed this procedure in responding to Plaintiff's FOIA request.

8.  In responding to Plaintiff's FOIA request, I requested and obtained the underlying Report of Investigation from OIG's General Counsel (the "Report"). I did not search indices of the OIG's audit and inspection records. As stated above, the only place the OIG would have records that pertain to the individual requested by Plaintiff would be in its investigative records. Because OIG audit and inspection records do not focus on the conduct of individuals, there is no reasonable possibility that those records will contain information regarding Plaintiff's request.

9.  On June 12, 2017, the OIG responded to Plaintiff's request. The OIG released the Report, consisting of 12 pages with redactions, which record is maintained within the Office of the Inspector General Investigative Records System, JUSTICE/OIG-001). On March 7, 2018, the OIG released two additional pages consisting of a list of exhibits, with redactions. The OIG did not treat the list of exhibits or the investigative materials itemized in the list, consisting of over 3,000 pages of documents and over 19 hours of audio recordings, as responsive to the request because the OIG construed the request for the "full report provided by the OIG to the relevant Justice Department components" to mean that the requester was seeking the narrative report of the OIG's detailed investigative findings (including the subject's identity), as distinguished from the short summary of the findings published on the OIG's website. Moreover, the investigative materials were not provided by OIG to all of the relevant DOJ components that received the Report.

The redacted material was withheld from disclosure pursuant to exemptions 6 and 7(C).  (OIG Exhibit 2 and 3)

      10.    The OIG has released all portions of the Report and the list of the exhibits to Plaintiff that can reasonably be segregated from exempt material.  The information redacted from the Report and the list of exhibits consists of (1) the identity of the subject of the Report, a former U.S. Attorney, along with personally identifiable information relating to him, such as social security number and identifiers such as case number and location; (2) the identity of the subordinate Supervisory Assistant U.S. Attorney ("Supervisory AUSA") with whom the U.S. Attorney engaged in an intimate personal relationship, along with personally identifiable information relating to her and identifiers such as location; (3) the names and identifying information of third party individuals, including witnesses; (4) all informational content related to allegations that were not substantiated and that the OIG investigation determined were without merit, including but not limited to names and identifying information of any additional subjects of the investigation; and (5) the names of non-supervisory law enforcement agents involved in the OIG investigation. This information is properly exempt from FOIA disclosure under FOIA exemptions (b)(6) and (b)(7)(C).

      11.    Information belonging to the categories of withheld information identified in paragraphs 10(1)-(3) above can be found on every page of the Report and on the list of exhibits.  Information belonging to category of withheld information identified in paragraph 10(4) can be found on pages 1, 3, 4, 8-12 of the

Report. Information belonging to the category of withheld information identified in Paragraph 10(5) can be found on page 1 of the Report.

## Exemptions Asserted for Redacted Material

12. Exemption 6 authorizes the OIG to withhold information about individuals that is contained in "personnel and medical files and similar files," when release of the information would constitute a clearly unwarranted invasion of personal privacy, *i.e.*, when the privacy interests in that information outweigh the public interest in disclosure. Exemption 7(C) applies a similar balancing test to information that is contained in a file that was "compiled for law enforcement purposes," when release of the information could reasonably be expected to constitute an unwarranted invasion of personal privacy. When making the balancing determination, the standard of public interest the OIG must consider is the "core purpose" of "shed[ding] light on an agency's performance of its statutory duties." *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989).

13. In order to invoke FOIA exemption 6 as to the information redacted in the Report, the OIG first had to conclude that the Report qualified as a "personnel, medical or similar file[]." The OIG determined that because the Report concerned an allegation of work-related misconduct by a Department employee, the Report qualified as "personnel" or "similar files" under exemption 6.

14. To invoke FOIA exemption 7(C), the OIG had to make a determination that the Report was compiled for "law enforcement purposes." The OIG is vested with authority to investigate allegations of misconduct by Department employees.

Here, the Report involved a complaint of alleged misconduct that was filed in the OIG's investigative records system, and which the OIG investigated to determine whether there had been any violation of law, regulation, or policy. Accordingly, the OIG concluded that the Report was compiled for law enforcement purposes under exemption 7(C).

15.     Once the OIG had made the determination that the Report met the threshold requirements of exemptions 6 and 7(C), it then had to identify and consider the strength of the privacy interests of the individuals at issue and weigh those interests against the public interest in disclosure—*i.e.*, it had to conduct a balancing of individual privacy interests and the public interest in disclosure. In doing so, the OIG had to assess whether disclosure of the information sought would advance a significant public interest that the FOIA requester had identified.

16.     With respect to the former U.S. Attorney, who was the subject of the Report, and his personally identifiable information relating such as his social security number and identifiers such as location and case number,[1] I determined that the former U.S. Attorney possessed a significant privacy interest in the nondisclosure of his identity. In conducting the balancing required under the law, I concluded that although the former U.S. Attorney was a high-ranking official, since the wrongdoing involved an inappropriate relationship between the former U.S. Attorney and a subordinate that the subordinate characterized as consensual, the misconduct was more personal in nature rather than closely related to the subject's

---

[1] Case numbers are associated with the identities of individuals, and if disclosed, could be used to identify them.

core job function.  Additionally, because the wrongdoing did not involve criminal acts or corruption relating the U.S. Attorney's core job functions, the misconduct here was of a relatively lesser degree of seriousness.  I also determined that releasing the identifying information about the former U.S. Attorney would not provide more information about the misconduct at issue because all of the facts about that misconduct had been disclosed, thereby satisfying the public's interest in "shed[ding] light on an agency's performance of its statutory duties." *Reporters Comm.*, 489 U.S. at 773.  In addition, because the former U.S. Attorney had retired, there could be no additional degree of accountability that could come from the disclosure of his identity.  Disclosing the information about the former U.S. Attorney that has been withheld would not reveal anything new about the activities of the government employees involved, but would simply embarrass many of those involved.  Furthermore, disclosing the former U.S. Attorney's identity could allow members of the public, especially those close to the situation, to identify other individuals referenced in the report, including the Supervisory AUSA and witnesses, because those other individuals are co-workers of the former U.S. Attorney and revealing his name would reveal the location and time frame at issue.  Thus, the privacy interests of those other individuals are intertwined with the identity of the former U.S. Attorney, and identifying him would have the likely effect of identifying those third parties, thereby undermining those individuals' privacy interests.  Accordingly, I concluded that the balancing required under the law weighed strongly in favor of the individual's privacy interest, that the public interest was overcome by the individual's privacy interest, and that the information withheld concerning the

identity of the subject was exempt from disclosure pursuant to exemptions 6 and 7(C).

17. With respect to the subordinate Supervisory AUSA with whom the U.S. Attorney engaged in an intimate personal relationship, I determined that the Supervisory AUSA possessed a strong privacy interest in the nondisclosure of her identity and any of her personally identifiable information or identifiers such as location. All the same factors that were considered in balancing the former U.S. Attorney's privacy rights against the public interest in disclosure apply to the Supervisory AUSA, but those factors weigh even more heavily in favor of the Supervisory AUSA's privacy rights because the Supervisory AUSA was of a lower rank than the U.S. Attorney, was not the subject of the investigation memorialized in the Report, and there is no finding of misconduct on her part in the Report. The public interest had already been satisfied by the disclosure of the facts of the former U.S. Attorney's misconduct. As with the former U.S. Attorney, revealing the Supervisory AUSA's identity or any of her personally identifying information could also undermine the anonymity of witnesses and other third parties, whose privacy interests outweigh any public interest. Accordingly, I concluded that the balancing required under the law weighed in favor of the individual's privacy interest, and that that the information withheld concerning the identity of the Supervisory AUSA was exempt from disclosure pursuant to exemptions 6 and 7(C).

18. I understand that Plaintiff is not challenging in this litigation the OIG's redaction of the names and personally identifying information of any witnesses or third parties to the investigation. Third party individuals have a strong privacy

interest in their personal identifying information held in government investigative files, and there is virtually no public interest in its disclosure. Additionally, the public has an interest in continued witness cooperation in the OIG's investigation, which would be undermined if the identities or personally identifying information about such third party individuals were disclosed. Here, disclosure of those individuals' identities or identifying information serves no public interest, and instead, would only associate them with the investigation, reveal their participation, or cause embarrassment. Accordingly, the OIG determined that the privacy interests of the third party individuals outweighed the public interest in disclosure and that the information withheld concerning the third party individuals is exempt from disclosure pursuant to exemptions 6 and 7(C).

19. I understand that Plaintiff is not challenging in this litigation the OIG's redaction of the names of non-supervisory law enforcement agents. Federal law enforcement officers, by virtue of the nature of their work, possess strong privacy interests in their identities. Absent proof of some misconduct on their part, revealing their identities does not shed light on agency operations; therefore, there is little or no public interest at stake. Accordingly, the OIG determined that the privacy interests of the individual law enforcement agents outweighed the public interest in disclosure of their names and that the information withheld concerning the identities of law enforcement agents is exempt from disclosure pursuant to exemptions 6 and 7(C).

20. The OIG also redacted all informational content related to allegations regarding the former U.S. Attorney and an additional subject of the investigation

that were found to be unsubstantiated. The OIG conducted a thorough investigation into those allegations and determined that they were unsupported by the evidence and without merit. Regarding this information, the former U.S. Attorney and the additional subject have a privacy interest in avoiding the stigma and potential reputational harm from disclosure of such unsubstantiated allegations. Conversely, there is little to no public interest in disclosure of allegations that, after investigation, are found not to have a factual basis. Indeed, the only interest the public has in such unsubstantiated allegations is presumably to see if the OIG conducted a proper investigation. But without some evidence that the OIG has not done its job, bare allegations or concerns about the quality of the investigation are accorded no weight in the balancing. Moreover, since the investigation determined that some of the misconduct alleged did not occur, revealing the portions of the Report related to those allegations would not reveal any wrongdoing by either the U.S. Attorney or the additional subject, would not shed light on the operations or activities of the U.S. Attorney's Office involved, and cannot relate to the subjects' official duties. Accordingly, I concluded that the individual privacy interests outweighed any public interest in disclosure, and that information about unsubstantiated allegations (and related investigative conduct) was exempt from disclosure pursuant to exemptions 6 and 7(C).

Pursuant to Title 28 U.S.C. § 1764, I declare under penalty of perjury that the foregoing is true and correct, and certify that OIG Exhibits 1, 2, and 3 are true and correct copies.

Dated: March 19, 2018
Washington, D.C

*Deborah M. Waller*
Deborah M. Waller